# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Ronald Francis Croteau, ) | |
| ) | Civil Action No.: 2:17-cv-02973-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| Internal Revenue Service, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") entered on December 12, 2017 (ECF No. 20). The Report addresses Plaintiff Ronald Francis Croteaus's Amended Complaint (ECF No. 12), recommending summary dismissal. (ECF No. 20 at 16.) The Report also recommends that dismissal of Plaintiff's Amended Complaint should count as a strike under 28 U.S.C. § 1915(g). (*Id.*) After entry of the Magistrate Judge's Report, Plaintiff filed Objections to the Report (ECF No. 23) and a Motion to Amend his Amended Complaint (ECF No. 30). For the reasons stated herein, the court **ACCEPTS** the Report, **DISMISSES** Plaintiff's Amended Complaint, and **DENIES** Plaintiff's Motion to Amend.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 20 at 1–8.) As brief background, Plaintiff, proceeding pro se and in forma pauperis, "is a tax protestor, who in September 2008, filed three false and fraudulent tax returns for tax years 2006, 2007, and 2008." (*Id.* at 1.) Plaintiff was later convicted, in the United States District Court for the Middle District of Florida, of making false, fictitious, or

fraudulent claims on tax returns and corruptly interfering with the administration of internal revenue laws. (*Id.* at 2.) He appealed his convictions, which were upheld. (*Id.*)

Plaintiff commenced the instant action on November 1, 2017. (ECF No. 1.) In his Amended Complaint, Plaintiff, who identifies himself as "The Ambassador of Human Rights," sues seventeen (17) defendants for various alleged constitutional violations. (*Id.* at 2–3.) As the Report accurately explains, "The allegations of the Amended Complaint are quite difficult to follow. . . . which is entirely based on Plaintiff's nonsensical theory identified with the discredited 'Sovereign Citizen' movement."[1] (*Id.* at 3.) The Magistrate Judge found that "[e]ven liberally construed, the Amended Complaint is frivolous and fails to state a claim as a matter of law," nothing that the "sovereign citizen" theory has been rejected by several federal courts. (*Id.* at 8–9.) Even though the Magistrate Judge concluded "this entire case is entirely dismissible as frivolous," she found "numerous additional grounds for dismissal are readily apparent," and briefly discussed them. (*Id.* at 10.) As to Defendant United States District Judge Sheri Polster Chappel, who presided over Plaintiff's criminal trial, the Magistrate Judge found Judge Chappel was absolutely immune from suit, and not subject to injunctive relief, for judicial actions. (*Id.*) As to Defendant U.S. Attorney Jeffrey Michelland, who was the prosecutor in Plaintiff's criminal trial, the Magistrate Judge found Plaintiff's claim that "the federal criminal proceedings against him

---

[1] Adherents to sovereign citizen theory believe in a vast governmental conspiracy "governed by complex, arcane rules," according to which sovereign citizens are "exempt from many laws, including the obligation to pay taxes, and ... can be empowered to seize private property, enforce legal actions against individuals, and claim money from the government." J.M. Berger, *Without Prejudice: What Sovereign Citizens Believe*, George Washington University Program on Extremism 2 (June 2016), *https://extremism.gwu.edu/sites/extremism.gwu.edu/files/downloads/JMB%20Sovereign%20Citizens.pdf*.

*United States v. Glover*, 715 F. App'x 253, 256 n.2 (4th Cir. 2017).

were 'without jurisdiction'," had no factual basis. (*Id.* at 11.) As to Defendant Michael Horowitz, United States Inspector General, the Magistrate Judge found "[t]he Amended Complaint does not coherently indicate any reason why this federal official is named as a party. [He] had nothing to with Plaintiff's criminal trial. . . . [and] had no duty to respond to Plaintiff's demands." (*Id.*) As to Defendants David Joffe and Neil Potter, Plaintiff's trial counsel, the Magistrate Judge found attorneys do not act under color of state of law when representing a criminal defendant, and, therefore, are not amenable to suit under 42 U.S.C. § 1983. (*Id.* at 12.) As to Defendants Hudges, Rhodes, Cano, Brown, and Comb, whom "Plaintiff appears to sue . . . based on their supervisory positions," the Magistrate Judge found "it is well-settled that there is no *respondeat superior* liability in a *Bivens*[*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 action." (*Id.* at 13.) As to "the federal defendants in their official capacity," the Magistrate Judge found they are "subject to dismissal based on sovereign immunity." (*Id.* at 15.) The Magistrate Judge also found Plaintiff's "Amended Complaint fails to make personal allegations against each Defendant that state a claim. Plaintiff appears to be displeased with the results of his criminal case, but his Amended Complaint alleges no legal basis for this lawsuit." (*Id.* at 11–12.) The Magistrate Judge further observed that "[i]t is difficult to discern why some of the Defendants are named in this suit, as Plaintiff makes no allegations against them." (*Id.* at 13.) Finally, the Magistrate Judge found that "[t]o the extent Plaintiff is seeking release from custody, such remedy is not available in this civil action" and "would have to be timely raised in a motion pursuant to 28 U.S.C. § 2255 in the sentencing court." (*Id.* at 15.) The Magistrate Judge recommends dismissing the Amended Complaint "entirely for enumerated grounds (such as

frivolity and failure to state a claim) under 28 U.S.C. § 1915(e)(2)(B),"[2] and that "such dismissal should count as a strike." (*Id.* at 16 (citing *Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011) (holding that the entire case must be dismissed on enumerated grounds to count as a strike)).)[3]

On December 20, 2017, Plaintiff filed a "Notice of Objection and Appeal" to the Magistrate Judge's Report. (ECF No. 23.) In his Objection, Plaintiff asserts exceptional circumstances exist entitling him to the appointment of counsel; lists several "Questions on Appeal," and seeks discovery to

> bring non-frivolous argument[s] to reverse existing Internal Revenue Service laws and to bring factual contentions for evidentiary support . . . for the right of this [P]laintiff to have . . . assistance of counsel for further investigation or discovery to comply fully with the requirements of Rule 11 [of the Federal Rules of Civil Procedure].

(*Id.* at 3.)

On April 19, 2018, Plaintiff filed a "Motion to Amend Complaint and to Question This Court[']s Subject Matter Jurisdiction Under Equal Rights to Contract 42 U.S.C. 1981(a)(b)(c)" ("Motion to Amend"). (ECF No. 30.) Plaintiff's Motion to Amend, like all of his pleadings, are

---

[2] Under 28 U.S.C. § 1915 (e)(2), "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--. . . (B) the action or appeal--. . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."
[3] Section 1915(g) provides that,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. 1915(g). In *Tolbert v. Stevenson*, the Court of Appeals for the Fourth Circuit held that "§ 1915(g) requires that a prisoner's entire 'action or appeal' be dismissed on enumerated grounds in order to count as a strike." 635 F.3d 646, 651 (4th Cir. 2011).

4

"quite difficult to follow." (ECF No. 20 at 3.) In this Motion, Plaintiff (1) asserts that he is seeking reconsideration of this court's order (ECF No. 10) denying his Motion to Appoint Counsel (ECF No. 2); (2) requests to remove several defendants, in accordance with the Magistrate Judge's Report and add others; and (3) informs the court that he has filed a habeas corpus petition. (ECF No. 30 at 1–2.) Plaintiff also makes several claims based on "[c]ontract [p]rinciples" and challenges his underlying conviction, including the grand jury that indicted him, arguing *inter alia* that only corporations can be prosecuted. (*Id.* at 2–6.) He also "charges [Defendants] with assassination of character[,] holding [Plaintiff's] custody level higher th[a]n community custody based again on only the belief[] of a[n] over ze[alous] US-Attorney . . . in this case." (*Id.* at 6.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to a Report must identify specific findings of the Report and state the basis for objecting to those findings. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v.*

*Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file a *specific*, written objection to a Report will result in a waiver of the right to appeal from an order based upon a Report. 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 845–47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objection lacks the requisite specificity, then de novo review by the court is not required. *See Suttles v. Chater*, No. 96-2138, 1997 WL 76900, at *1 (4th Cir. Feb. 25, 1997) (holding that "general, non-specific objections" are not sufficient when objecting to a magistrate judge's recommendation); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)).

The court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, pro se documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

### III. DISCUSSION

Although Plaintiff filed objections to the Report, they "do not direct the court to a specific error in the [M]agistrate[] [Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Rather, Plaintiff's objections discuss exceptional circumstances he believes entitle him to the appointment of counsel, and identifies several "[q]uestions on [a]ppeal," such as, "[P]ursuant to the [F]irst Amendment of the Constitutions[,] does this [P]laintiff have the legal right under the law to change his persona name under a[n] Act of State Contract to Ambassador of Human Rights and to enforce this contract agreement to support his Spiritual Father Yahweh?" (ECF No. 23 at

1–3.) The preceding quotation demonstrates the substance of Plaintiff's objections: inapposite and virtually incoherent.  Therefore, the court finds, even liberally construing Plaintiff's objections, that Plaintiff has failed to advance any *specific* objections to the Magistrate Judge's Report, and the court adopts the Report herein.  *Camby*, 718 F.2d at 199.  Furthermore, as Plaintiff's Motion to Amend is of the same quality as his objections, and does not address the deficiencies identified by the Magistrate Judge in her Report, namely the failure to state a claim, the court finds the amendment would be futile.  *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) ("We have interpreted Rule 15(a) [of the Federal Rules of Civil Procedure] to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).  Therefore, the court denies Plaintiff's Motion to Amend (ECF No. 30).

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20), summarily **DISMISSES**, with prejudice, Plaintiff's Amended Complaint (ECF No. 12), and orders this dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).  The court also **DENIES** Plaintiff's Motion to Amend (ECF No. 30) as futile under Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

/s/ J. Michelle Childs
United States District Judge

March 5, 2019
Columbia, South Carolina